UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ARNOLD THOMAS, on behalf of himself and   :
all others similarly situated,   :
                     Plaintiff,   :       **<u>OPINION AND ORDER</u>**
v.   :
  :       23 CV 1426 (VB)
COLGATE-PALMOLIVE COMPANY,   :
                Defendant.   :
-------------------------------------------------------------x

Briccetti, J.:

Plaintiff Arnold Thomas brings this putative class action against defendant Colgate-Palmolive Company ("Colgate"). Plaintiff alleges defendant negligently manufactured, marketed, and sold Fabuloso-branded cleaning products ("Fabuloso") that were contaminated with bacteria, harming plaintiff and others who purchased and used Fabuloso.

Now pending is defendant's motion to strike plaintiff's class allegations pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Doc. #28). For the reasons set forth below, the motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## BACKGROUND

The following background is drawn from the amended class action complaint. (Doc. #18 ("Am. Compl."). In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

Defendant is a New York corporation that manufactures numerous consumer products, including Fabuloso. Defendant markets Fabuloso as safe to use on an array of household surfaces.

1

On February 8, 2023, defendant recalled 4.9 million bottles of Fabuloso produced between December 14, 2022, and January 23, 2023, one million of which had been released for sale to the public in the United States.  Defendant issued the recall because "a preservative was not added at the intended levels during manufacturing," creating the "risk of bacteria growth in the recalled products."  (Am. Compl. ¶¶ 20–21).  That error left the affected Fabuloso bottles susceptible to contamination by the Pseudomonas species bacteria—a type of bacteria that can "enter the body if inhaled, through the eyes, or through a break in the skin" and cause "serious infection that may require medical treatment," especially for "people with weakened immune systems, external medical devices, or underlying lung conditions."  (Id. at ¶ 21).  Responding to the recall, the U.S. Consumer Product Safety Commission ("CPSC") advised consumers to stop using Fabuloso immediately.

Plaintiff purchased a Fabuloso bottle, included under defendant's recall, allegedly containing pseudomonas.  After using the product, plaintiff asserts he suffered "significant abdominal pain, diarrhea, dehydration, sores[,] and symptoms and injuries commonly associated with a Pseudomonas infection."  (Am. Compl. ¶ 27).  He sought medical treatment, and his treating medical professional allegedly informed plaintiff "she believed his injuries were caused by *Pseudomonas*."  (Id.).

Plaintiff now brings putative class action claims for products liability and negligence against defendant.  He seeks to represent a proposed class of "all consumers who purchased any of the contaminated [Fabuloso] Products in the United States during the Class Period and were physically injured after using the Products."  (Am. Compl. ¶ 33).[1]

---

[1]    Plaintiff's deceptive advertising claim, asserted in the original complaint (Doc. #1), was not included in the amended complaint.

**DISCUSSION**

I.    Standard of Review

To qualify for class certification, a plaintiff must demonstrate by a preponderance of the

evidence that the putative class meets the four requirements set forth in Rule 23(a):

> (1) the class is so numerous that joinder of all members is
> impracticable; (2) there are questions of law or fact common to the
> class; (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class; and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a); see Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 345 (2011).[2]  The

Second Circuit also requires a plaintiff to demonstrate compliance with a fifth requirement

respecting class ascertainability.  In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 30 (2d Cir.

2006).  If the plaintiff meets these five criteria, he or she must also demonstrate by a

preponderance of the evidence that the proposed class satisfies "at least one of the three

requirements listed in Rule 23(b)."  Walmart Stores, Inc. v. Dukes, 564 U.S. at 345.

Rule 23 allows courts to "require that the pleadings be amended to eliminate allegations

about representation of absent persons."  Fed. R. Civ. P. 23(d)(1)(D).  Typically, a court makes

such a decision after the plaintiff moves for class certification and class discovery has concluded,

but "a party may move to strike class claims even before discovery."  Kassman v. KPMG, LLP,

925 F. Supp. 2d 453, 462 (S.D.N.Y. 2013).

Motions to strike class allegations may be granted "where they address issues separate

and apart from the issues that will be decided on a class certification motion, or where the

movant demonstrates that it would be impossible to certify the alleged class regardless of the

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotation marks,
footnotes, and alterations.

facts the plaintiff may be able to obtain during discovery." Staubitz v. Arthrex, Inc., 2024 WL 4350669, at *2 (E.D.N.Y. Sept. 29, 2024). "In determining whether it would be impossible to certify a class, courts in this circuit generally look to whether the facts alleged in the complaint plausibly support certification." Id.

As a general matter, the Second Circuit has cautioned against dismissing class allegations without "the benefit" of a plaintiff's motion to certify "and the evidence relevant to that motion." Parker v. Time Warner Ent. Co., L.P., 331 F.3d 13, 15 (2d Cir. 2003). Motions to strike are thus "generally looked upon with disfavor and a motion to strike class allegations is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions of class certification." Chen-Oster v. Goldman Sachs & Co., 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012). As such, "courts in this Circuit have frequently found that a determination of whether Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the Court in making this determination." DeSimone v. Select Portfolio Servicing. Inc., 2024 WL 4188851, at *27 (E.D.N.Y. Sept. 13, 2024).

II.     Analysis

Defendant argues plaintiff's class action allegations must be struck because the facts alleged in the amended complaint do not plausibly support certification. First, defendant maintains there are several insurmountable deficiencies in the amended complaint, creating individualized questions of causation and injury ill-suited to resolution in the class-action context. Second, defendant asserts the amended complaint includes no plausible allegation that there are any class members other than plaintiff sufficient to support numerosity.

The Court disagrees.

4

A.      Individualized Questions and Prematurity

Defendant argues plaintiff's proposed class cannot be certified because "no amount of

discovery will change" plaintiff's failure to satisfy Rule 23(a)'s requirements.  (Doc. #29 ("Def.

Mem.") at 6).  In defendant's view, individualized questions of fact and law will predominate

over any common issues.  These questions include:  (i) whether each class member was exposed

to bacteria; (ii) in what amounts; and (iii) what damages, if any, each class member suffered.  In

addition, defendant argues individual choice-of-law determinations would overwhelm any

common questions of law.  As such, according to defendant, a class action would not be superior

to individualized litigation here.

Defendant may be right.  Its points regarding "the distinct challenges to certifying a

product-liability class" may well succeed at the class certification stage.  Carr v. Johnson &

Johnson Consumer Inc., 2023 WL 3504662, at *4 (E.D.N.Y May 17, 2023).  Indeed, as courts in

this circuit have emphasized, "the class action device typically is not very useful in mass tort

cases, which tend to 'present significant questions, not only of damages but of liability and

defenses of liability, affecting the individuals in different ways.'"  In re Fosamax Products Liab.

Litig., 248 F.R.D. 389, 396 (S.D.N.Y. 2008) (quoting Amchem Prods., Inc. v. Window, 521 U.S.

591, 625 (1997)).

But defendant's arguments do not clear the high bar of showing "the supposed defects in

the class allegations [are] so plain from the face of the complaint that it would be impossible to

certify the alleged class regardless of the facts the plaintiff[] may be able to obtain during

discovery."  Ostenfeld v. Laundress, 2024 WL 967124, at *4 (S.D.N.Y. Mar. 5, 2024).  Other

courts deciding motions to strike class allegations in product liability cases have acknowledged

such allegations generate significant obstacles to certification, especially vis-à-vis typicality and

predominance, but also recognize these arguments "are generally considered at class

5

certification, rather than through a motion to strike." Staubitz v. Arthrex, 2024 WL 4350669, at *3. For instance, the district courts in Carr v. Johnson & Johnson Consumer Inc., 2023 WL 3504662, at *4, and Ostenfeld v. Laundress, 2024 WL 967124, at *4, denied motions to strike even after acknowledging the difficulty the plaintiffs might face at the class certification stage. This case is the same.

Plaintiff's amended complaint "alleges—at least facially—some issues of fact or law that may be common and typical to all class members, including: a common course of misconduct by defendant"; a common method of injury suffered by members of the putative class; and "common questions of . . . whether defendant was aware of the dangers [of Fabuloso], and whether defendant failed to adequately inform consumers about those dangers." Staubitz v. Arthrex, 2024 WL 4350669, at *3. These issues are best suited for resolution after discovery and class certification briefing. See Garcia v. Execu|Search Group, LLC, 2019 WL 689084, at *4 (S.D.N.Y. Feb. 19, 2019) (finding defendant's "factual assertions regarding the lack of numerosity, typicality, and adequacy of representation" were "unmoored from any factual record," which was "unsurprising" given the lack of a developed factual record); Woods-Early v. Corning Inc., 330 F.R.D. 117, 126 (W.D.N.Y. 2019) (refusing to consider predominance and superiority arguments on a motion to strike because "it would be difficult, if not impossible, to fairly and fully engage in these inquiries solely on the basis of Plaintiff's amended complaint").

Moreover, many of the cases cited by defendant address class certification, not motions to strike. See, e.g., Pagan v. Abbott Labs., Inc., 287 F.R.D. 139, 151 (E.D.N.Y. 2012) (denying a motion for class certification); Benner v. Becton Dickinson & Co., 214 F.R.D. 157, 174 (S.D.N.Y. 2003) (same). That in and of itself indicates courts routinely defer addressing

arguments like those advanced here until the class certification stage. See Ostenfeld v. Laundress, LLC, 2024 WL 967124, at *4.

Other cases in which courts have granted motions to strike class action allegations are inapposite. For example, in Barrus v. Dick's Sporting Goods, Inc., 732 F. Supp. 2d 243 (W.D.N.Y. 2010), the court struck the plaintiffs' state law class action claims because the plaintiffs identified the relevant states in their complaint and, after examining the array of state statutes at issue, the court concluded issues of commonality and choice-of-law would prevent certification without requiring discovery. Id. at 252. Similarly, in Chen-Oster v. Goldman, Sachs & Co., 877 F. Supp. 2d at 122, the court granted defendant's motion to strike because the plaintiffs lacked standing. Id. Neither obstacle is present in this case.

Defendant's attempts to distinguish more apposite cases are also unavailing. Namely, defendant argues the court's denial of a motion to strike class allegations in Ostenfeld v. Laundress, LLC, 2024 WL 967124, hinged in large part on its finding that discovery could assist the plaintiff in proving a required element of his New York General Business Law claim; here, defendant points out, plaintiff brings no such claim. However, defendant cannot escape that court's conclusion that the numerosity and typicality challenges were also "premature" and inappropriate from the face of the complaint. Id. *4.

At bottom, defendant's arguments "may well succeed at the certification stage, but they are insufficient to bar plaintiff's class allegations based on nothing other than the complaint." Staubitz v. Arthrex, 2024 WL 4350669, at *3.

B.      Numerosity

Defendant argues plaintiff's allegation of numerosity cannot succeed because it is "conclusory," and because plaintiff should have investigated the existence and number of class members before filing his complaint. (Def. Mem. at 9).

7

The Court is not persuaded.

First, plaintiff's allegation that hundreds of individuals were harmed by contaminated Fabuloso products is plausible in light of defendant's recall of one million bottles released for sale to the public in the United States and the CPSC's alert regarding the dangers of Fabuloso. Other courts have allowed similar allegations to proceed. In Talarico v. Port Auth. of N.Y. & N.J., 367 F. Supp. 3d 161, 166 (S.D.N.Y. 2019), the court rejected the defendant's request to strike the plaintiff's class action claim on numerosity grounds because "the facts alleged in the complaint" rendered the plaintiff's allegation that other class members existed "plausible," even though the plaintiff did not identify those persons. That logic also applies here.

Of course, plaintiff's assertion of numerosity may be undermined at class discovery, but that is precisely the purpose of class discovery: to develop a "more complete factual record" upon which the court may decide whether Rule 23(a) is satisfied. Carrasquillo v. Westech Sec. and Investigation Inc., 2024 WL 4227795, at *10 (S.D.N.Y. Sept. 17, 2024). Plaintiff does not need to develop that record now in order to proceed to class discovery.

Second, courts do not typically require plaintiffs to investigate numerosity at the pleading stage as a matter of course. For instance, in Carrasquillo v. Westech Sec. and Investigation Inc., 2024 WL 4227795, at *10, the court rejected the defendant's argument that the plaintiff had "failed to identify any other class members" because that position "undisputedly and expressly rel[ied] upon the Rule 23 factors" addressed at class certification. Again, class certification is the appropriate stage for plaintiff to demonstrate that Rule 23(a)'s numerosity requirement has been satisfied. The Court rejects defendant's attempt to shoehorn that requirement into the pleading stage.

In contrast, courts have stricken class action allegations when a plaintiff failed to "contradict defendant's assertions that plaintiff's complaint fail[ed] to identify a single member of the purported class other than itself" and the plaintiff did not investigate the question, PFT of America, Inc. v. Tradewell Inc., 1999 WL 179358, at *1–2 (S.D.N.Y. Mar. 31, 1999), or because the record was clear plaintiffs could not "demonstrate that more than sixteen individuals would meet the definition" of the proposed class, even after "early discovery on the facts related to numerosity," Camacho v. City of New York, 2020 WL 4014902, at *3–4 (S.D.N.Y. July 16, 2020).  In other words, it is appropriate to strike a class action claim on numerosity grounds when the plaintiff has not even attempted to point to other class members, or when it is undisputed the plaintiff cannot show numerosity regardless of class discovery.  Plaintiff avoids both pitfalls here.

Defendant principally relies on Borgese v. Baby Brezza Enterprises LLC, 2021 WL 634722, at *3 (S.D.N.Y. Feb. 18, 2021), in support of its numerosity argument.  In that case, the court granted a defendant's motion to strike products liability class action claims.  It found the plaintiff could not satisfy Rule 23(a)'s requirements because, in relevant part, the plaintiff's proposed class included all purchasers of the product at issue, meaning the plaintiff failed to identify more specific similarities among class members.  Id. at *6.  Here, however, plaintiff has defined the proposed class to include "all consumers who purchased" Fabuloso "and were physically injured after using" it, and asserts he believes there are "hundreds" of class members (Am. Compl. ¶¶ 33, 35), thus separating the class from the purchasers of the allegedly defective product.  As such, Borgese v. Baby Brezza Enterprises LLC, 2021 WL 634722, is not on point.

9

Accordingly, the Court finds plaintiff has plausibly alleged numerosity and may proceed to discovery to prove his claim.[3]

## CONCLUSION

The motion to strike plaintiff's class allegations is DENIED.

By January 13, 2025, defendant shall file an answer to the amended complaint.

All counsel are directed to appear for a status conference on <u>January 23, 2025, at 2:30 p.m.</u> in Courtroom 620 at the White Plains Courthouse.  By <u>January 16, 2025</u>, the parties are directed to submit a joint letter addressing all case management issues going forward, and shall include a proposed Civil Case Discovery Plan and Scheduling Order.

The Clerk is instructed to terminate the motion.  (Doc. #28).

Dated: December 23, 2024
       White Plains, NY

                         SO ORDERED:

                         _____
                         Vincent L. Briccetti
                         United States District Judge

---

[3]     Because the Court finds defendant's motion to strike is premature and plaintiffs have plausibly alleged facts supporting certification, the Court need not consider whether it should resort to certification of "particular issues" under Rule 23(c)(4).