USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARNOLD THOMAS; on behalf of himself and
all others similarly situated,

               Plaintiffs,

     v.

COLGATE-PALMOLIVE COMPANY;

               Defendant.

Case No. 7:23-cv-01426-VB

**STIPULATED
CONFIDENTIALITY AND
PROTECTIVE ORDER**

---

**Stipulated Confidentiality and Protective Order**

     The parties to this Stipulated Confidentiality and Protective Order (the "Order") have

agreed to all terms set forth in this Order; accordingly, it is ORDERED:

     1.   **Scope**. All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom, and all materials shared by the parties in connection with

efforts to resolve this matter short of trial (hereinafter, collectively "documents"), shall be subject

to this Order concerning Confidential Information as defined below. This Order is subject to the

Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

     2.   **Confidential Information**. As used in this Order, "Confidential

Information" means information designated as "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT

TO PROTECTIVE ORDER" by a producing party. Information or documents that are

available to the public may not be designated as Confidential Information.

1

3.    **Designation**.

a.    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4.    **Depositions**.

a.    Counsel for any party may designate any portion of any deposition as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or both by stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated, or providing written Notice of Designation to all parties of record and the court reporter within

2

thirty (30) days of the receipt of the proposed final transcript from the court reporter by the party that relevant portion(s) of such transcript is so designated. Thereafter only those portions identified by the Notice of Designation shall be protected by the terms of this Order.

5.  **Protection of Confidential Material.**

    a.    General Protections.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.  In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class.

    b.    Material Designated As "Confidential."  A producing party may designate material as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if it contains or reflects information confidential, proprietary, and/or commercially sensitive information, including (1) information prohibited from disclosure by statute; and (2) research, technical, commercial information that the party has maintained as confidential.  The receiving party and counsel for the receiving party shall not disclose or permit the disclosure of any information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any person or entity except as set forth in subparagraphs (i)–(ix).  Subject to these requirements, the following categories of persons may be allowed to review information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

      i.  Counsel.  Counsel of record and in-house counsel for the parties and employees of counsel who have responsibility for the action;

     ii.  Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; and subject to the limitations of ¶5(a)

    iii.  The Court and its personnel;

iv.  Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

v.  Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi.  Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action provided that (1) such expert or consultant is not a current consultant, officer, director, or employee of a competitor of Defendant, nor anticipate at the time of retention to become a consultant, officer, director, or employee of a competitor of Defendant and (2) such persons have completed the certification contained in the Agreement to be Bound, attached hereto;

vii.  Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii.  Author or recipient.  The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix.  Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c.  Material Designated As "Confidential - Attorneys' Eyes Only."  A producing party may designate material as "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the party reasonably believes that the disclosure of such material is likely to cause economic harm or significant competitive disadvantage to the producing party, including (1) information that reveals trade secrets; (2)

4

financial information, cost data, and other competitively sensitive information; (3) personnel

or employment records of a person; (4) medical information concerning any individual; and

(5) personally identifiable information.  Counsel for the receiving party shall not disclose or

permit the disclosure of any information designated as "CONFIDENTIAL - ATTORNEYS'

EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to any person or entity except as set

forth in subparagraphs (i)–(viii).  Subject to these requirements, the following categories of

persons may be allowed to review information designated as "CONFIDENTIAL -

ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER":

    i.  Counsel.  Counsel of record and in-house counsel for the parties and employees of counsel who have responsibility for the  action;

    ii.  The  Court  and  its personnel;

    iii.  Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

    iv.  Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    v.  Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action provided that (1) such expert or consultant is not a current consultant, officer, director, or employee of a competitor of Defendant, nor anticipate at the time of retention to become a consultant, officer, director, or employee of a competitor of Defendant and (2) such persons have completed the certification contained in the Non-Disclosure Agreement;

    vi.  Author, recipient, or legally authorized individual.  The author or recipient of the document (not including a person who received the document in the course of litigation). Any person who has or had legal access to the document through employment or otherwise at some point since its creation; and

    vii.  Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

d.    Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Prior to disclosing or displaying the Confidential Information to any person delineated in Paragraph 5(b) or 5(c), the receiving party must:

i.    Inform the person of the confidential nature of the information or documents;

ii.   Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and

iii.  Require each person to sign an agreement to be bound by this Confidentiality and Protective Order by signing the agreement in the form of the Agreement to be Bound, attached hereto.

e.   Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.    **Failure to Designate**.  A failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order.  The producing party shall provide a replacement document with the proper designation.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during

a time when that material has not been designated Confidential Information.

In the event of a disclosure by a receiving party of Confidential Information to persons or entities not authorized by this Order to receive such Confidential Information, whether by inadvertence or otherwise, the receiving party making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information subject to this Order and request the recipient to execute the Non-Disclosure Agreement; (ii) make reasonable efforts to recover the Confidential Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the producing party of the identity of the person or entity to whom the disclosure was made, the circumstance surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information and ensure against further dissemination or use thereof.

7.    **Privileged Communications or Work Product**.  Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5), the production of documents subject to the attorney-client privilege or the work-product immunity, or any other privilege or immunity, will not waive the attorney-client privilege, work-product immunity, or other privilege or immunity in this litigation or in any other federal or state proceeding.  In the event that a party asserts that it failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all parties to whom such privileged material was produced or disclosed of the producing party's intent to assert a claim of privilege or work product over such materials. Following notice by the producing party, the receiving party: (i) must not use or disclose the privileged material until the claim is resolved; (ii) must take reasonable steps to retrieve the privileged material if the party disclosed it before being notified, and (iii) shall

7

Case 7:23-cv-01426-VB   Document 46   Filed 03/04/25   Page 8 of 16

immediately return, destroy, or sequester such discovery material, and certify as such to the producing party. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8.  **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 5.2.

9.  **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

   a.  Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain, individually for each Bates-stamped document, the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within a reasonable period.

   b.  Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent

declaration that affirms that the movant has complied with the meet and confer requirements of this procedure and explains under oath the basis for believing the material is not properly designated. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be in accordance with Local Civil Rule 37.2, which requires the moving party to request an informal conference with the Court before the filing of any such motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Document, Material, or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

   a.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in

writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.    **Obligations on Conclusion of Litigation**.

a.    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.    Obligations at Conclusion of Litigation.  Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, or after such time is needed by an insurer to meet the requirements of its auditors, accountants, regulatory agencies, or reinsurers, whichever is longer, each Recipient shall use commercially reasonable efforts to either return all Confidential Information and all reproductions thereof to the

producing party or destroy such material.  Any Confidential Information that is not reasonably

capable of being returned or destroyed shall remain confidential subject to the terms and

restrictions contained in this Confidentiality Order and shall be stored so as to prevent

disclosure to anyone.  Nothing in this Confidentiality Order shall require any Party to destroy

attorney work product or attorney-client communications that contain or reflect Confidential

Information.  If a receiving party chooses to destroy or sequester (for those materials not

reasonably destroyed) such materials, the receiving party shall certify to the producing party in

writing within sixty (60) days of the final termination of this litigation, or after such time is

needed by an insurer to meet the requirements of its auditors, accountants, regulatory

agencies, or reinsurers, whichever is longer, that the receiving party has destroyed or

sequestered any and all Confidential Information and reproductions, to the extent required by

this Order.  Notwithstanding anything above:

    i.  the Parties' respective attorneys, claims administrators, financial

        advisors, experts, consultants, and other retained professionals (and

        their respective staff) may continue to retain copies of Confidential

        Information that they reasonably believe (and at all times continue to

        reasonably believe) is required to satisfy applicable law, their ethical

        and/or professional obligations, and/or internal document retention

        policies, subject to their continued adherence to the requirements of this

        Confidentiality Order; and

   ii.  a Party designating its own Documents or Information as "Confidential

        Information" for purposes of this litigation may continue to retain and

        use its own Confidential Information in the ordinary course of business

11

without restriction. The Parties agree that counsel of record may retain a copy of the pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. Nothing in this Confidentiality Order shall require any part to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information. This Confidentiality Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct, applicable laws, or ethical obligations.

c.    Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

14.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. Any time period or other non-material term specified herein may be modified by written agreement between the parties and without further order of the Court.

15.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.    **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject

to this Order by its terms.

17.   **Admissibility.**  Nothing in this order shall be construed to affect the

admissibility, *vel non*, of any document, material, or information at any trial or hearing.

**IT IS SO ORDERED.**

Date:  March 4, 2025

Hon. Vincent L. Briccetti
United States District Court Judge

13

**WE SO MOVE and stipulate to abide by the terms of this Order:**

Dated: February 28, 2025

/s/  *Stephen J. Fearon, Jr.*

Stephen J. Fearon, Jr.
Paul V. Sweeny
SQUITIERI & FEARON, LLP
205 Hudson Street
8th Floor
New York, NY 10013
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
paul@sfclasslaw.com
stephen@sfclasslaw.com

*Attorneys for Plaintiff*

/s/  *Hannah Y. Chanoine*

Hannah Y. Chanoine
Nexus U. Sea
Andrew N.T. Churchill
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
hchanoine@omm.com
nsea@omm.com
achurchill@omm.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNOLD THOMAS; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY;<br><br>Defendant. | Case No. 7:23-cv-01426-VB<br><br>**AGREEMENT TO BE BOUND BY COURT ORDER** |

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality and Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned declares under penalty of perjury that he/she is not currently a consultant, officer, director, or employee of a competitor of the Defendant, nor anticipates at the time of retention to become a consultant, officer, director, or employee of a competitor of Defendant. He/she further declares that if in the future he/she takes such a position, he/she will notify Defendant within five business days. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Stipulated Confidentiality and Protective Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that any violation of the Confidentiality and Protective Order will place him/her in contempt of court and subject him/her to penalties to be determined by the court.

1

Date: _____

Location: _____

Signature: _____

Name: _____